No. 60,392

STATE OF KANSAS, *Appellee*, v. MICHAEL ARTHUR ANDERSON, *Appellant*.

(763 P.2d 597)

Opinion filed October 28, 1988.

*Charles D. Dedmon*, assistant appellate defender, argued the cause, and *Benjamin C. Wood*, chief appellate defender, was with him on the brief for the appellant.

*Debra L. Barnett*, assistant district attorney, argued the cause, and *Robert T. Stephan*, attorney general, and *Clark V. Owens*, district attorney, were with her on the brief for the appellee.

The opinion of the court was delivered by

MILLER, C.J.: Defendant Michael A. Anderson was convicted of aggravated robbery, K.S.A. 21-3427, in a bench trial held in Sedgwick District Court. He was sentenced to a term of 15 years to life, later modified to 10 to 20 years. He appeals, raising three issues: (1) Did the trial judge's conduct deprive the defendant of a fair trial? (2) Was the judge's decision based on facts either not in evidence or inadmissible? and (3) Did the trial court abuse its discretion by denying defendant's request to withdraw his waiver of trial by jury?

Anderson first contends that the trial judge interrupted the examination of witnesses, elicited testimony unfavorable to the defendant, and failed to accord the defendant the presumption of innocence. In *State v. Hamilton*, 240 Kan. 539, Syl. ¶ 5, 731 P.2d 863 (1987), we stated the rule which governs us here. We said:

"Allegations of judicial misconduct during trial must be decided on the particular facts and circumstances surrounding such alleged misconduct; and in

order to warrant or require the granting of a new trial it must affirmatively appear that the conduct was of such a nature that it prejudiced the substantial rights of the complaining party."

Anderson's primary complaint is that the judge cross-examined alibi witnesses after the State and defense counsel had completed their examination of those witnesses. Defendant argues that the judge's examination of those witnesses bolstered the State's case and elicited testimony unfavorable to the defense.

We have examined carefully that portion of the record about which the defendant complains. While it is true that the answers given by the witnesses to the judge's questions were more favorable to the State than to the defense, the questions were not slanted. A trial judge may quite properly propound questions to witnesses in order to elicit the truth. The rule is stated in 75 Am. Jur. 2d, Trial § 88, as follows:

"A trial judge has the power within proper limits, to impose limitations upon the number of witnesses, and to control their examination. It is within his authority to propound questions to, and examine, witnesses for the purpose of eliciting facts material to the case at bar. He may in a particular case be justified in examining some witnesses at considerable length, in an effort to bring out the true facts . . . .

. . . .

". . . The test is not the number of questions that the trial court asks, but whether, because of such questioning, the defendant was prejudiced."

Here, answers to the trial judge's questions could well have strengthened the defendant's position rather than that of the State. That they did not is not the fault of the judge. Nothing in the record indicates that the judge assumed the role of a prosecutor or that he resolved issues against defendant's interests before the presentation of all of the evidence. He did express to counsel his thoughts as to the quality of the evidence, but we see nothing wrong with such observations during a bench trial. Such guidance by the judge during trial is intended to be helpful to counsel, and is not a resolution of the merits of the case.

Anderson also argues that the trial court's comments left him no choice but to testify as to his alibi defense. We disagree. The judge stated in substance to counsel, during trial, that the alibi witnesses testified as to defendant's whereabouts on most evenings, but were not specific as to defendant's presence at the precise time of the robbery. The judge never requested or insinuated that the defendant must testify. There is nothing in

the record to indicate that the defendant's decision to testify in the case was other than voluntary. The trial judge's conduct in the case was not of such a nature that it prejudiced Anderson's right to a fair and impartial trial. This point is without merit.

Anderson next contends that the trial court erred in finding the defendant guilty because its finding was based in part upon facts either not in evidence or improperly admitted into evidence. The facts not in evidence consist of the testimony at the preliminary examination, at which the same judge presided, and the non-verbal communications observed by the judge between witnesses who sat in the rear of the courtroom and nodded their heads in indication of their agreement with or disbelief of the testimony of witnesses who were then testifying. The judge indicated that he took into consideration the fact that one witness, who was sequestered, gave essentially the same testimony at the preliminary hearing as she gave at trial. He also stated that he observed the conduct of the alibi witnesses in the courtroom during trial. He took these things into consideration only in determining the reliability of the witnesses and the weight to be given their testimony.

When sitting as the trier of fact, a judge has the right to observe the conduct of a witness in the courtroom and to consider that in weighing the testimony. The testimony of the witness for the State who testified at both the preliminary examination and at trial was consistent. The judge considered no facts established at the preliminary examination but not included within the evidence at trial. While it was error for the court to consider the preliminary examination testimony in determining the credibility of the witness at trial, under the facts of this case there was no prejudice to the defendant and any error in this regard was harmless.

Counsel also points to one instance when the trial court overruled an objection to the testimony of a witness to a conclusion of fact. Defendant contends that the judge relied upon that conclusion in arriving at his decision. In *State v. Gordon*, 219 Kan. 643, Syl. ¶ 11, 549 P.2d 886 (1976), we said:

"Where trial is by the district court, on appellate review the supreme court indulges in the presumption the lower court considered only properly admissible evidence in reaching its decision unless the contrary is shown by the record."

Here, the trial judge made extensive comments, immediately

prior to announcing his decision, discussing the evidence. He indicated what items he had taken into consideration, and he did not mention the conclusion of the witness to which defendant now points. His decision appears to have been formed only upon the basis of admissible evidence, all of which was before him and in evidence at trial. We find no indication in the record that the judge relied upon any inadmissible evidence or upon anything outside the record.

Finally, defendant Anderson contends that the trial court abused its discretion by denying defendant's request to withdraw his waiver of trial by jury. Both counsel acknowledge and agree that on December 16, 1985, the defendant validly waived his right to a jury trial. This waiver was entered before the Honorable Owen Ballinger. Later, defendant filed a motion to withdraw his waiver of jury trial and that motion was summarily overruled by the Honorable Paul W. Clark. Defendant was not present in person before Judge Clark at the time of that ruling. Finally, defendant renewed his motion to withdraw his waiver of jury trial before the Honorable Robert D. Watson immediately prior to trial. Judge Watson also overruled the motion. Any error by Judge Clark in ruling upon the motion in defendant's absence was clearly corrected when the motion was presented before Judge Watson in defendant's presence.

Anderson relies primarily on *State v. Pruett*, 213 Kan. 41, 515 P.2d 1051 (1973), and alleges that the facts of that case are similar to the facts in the case at bar. We do not agree. In *Pruett*, the trial judge refused to permit the State to amend the charges against the defendant by reducing one count from felony to misdemeanor; he then refused to permit the defendant to withdraw his waiver of jury trial; and finally, he overruled the defendant's motion for acquittal on one count wherein the defendant claimed that he was charged under the wrong statute. We held that the trial judge in that case had "stepped down from his role as an impartial trial judge and assumed the role of public prosecutor." 213 Kan. at 48. We sustained the defendant's position on all three of the issues raised, and we remanded the case to the trial court for further proceedings. We find no such indications of prejudice in this case.

It is the general rule, as stated in Syl. ¶ 3 of the *Pruett* case, that:

"A waiver of trial by jury, voluntarily and regularly made by the defendant in a criminal action who knew and understood what he was doing, cannot afterward be withdrawn except in the court's discretion."

In *Pruett*, we found that the trial judge abused his discretion in refusing Pruett's request to withdraw his previous waiver, and in denying him a jury trial. We were careful to point out in *Pruett* that our ruling was made, however, under the peculiar circumstances of that case; such circumstances are not present here. Anderson also complains that the trial judge would not let him address the court personally in support of his motion. Anderson was personally present and was represented by competent counsel who was capable of articulating any concerns or arguments the defendant wanted to convey to the trial judge in connection with his motion to withdraw the waiver. We find no error.

The judgment is affirmed.