**Francisco D. MARQUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–93–458–CR.**

Court of Appeals of Texas,
Austin.

Aug. 17, 1994.

Linda Icenhauer–Ramirez, Austin, for appellant.

Ronald Earle, Dist. Atty., Robert Smith, Asst. Dist. Atty., Austin, for appellee.

Before POWERS, JONES and KIDD, JJ.

## ON REMAND

## PER CURIAM.

The district court found appellant guilty of indecency with a child and assessed punishment, enhanced by a previous felony conviction, at imprisonment for seven years. Tex.Penal Code Ann. § 21.11 (West 1989). In two points of error, appellant contends he was denied the right to trial by jury guaranteed by the United States and Texas constitutions.[1]

The record contains a written waiver of trial by jury signed by appellant and his attorney, and approved by counsel for the State and the district court. Tex.Code Crim. Proc.Ann. art. 1.13(a) (West Supp.1994). The waiver was filed on June 28, 1993. The cause was called for trial on appellant's plea of not guilty on July 1, 1993. After the State announced ready, defense counsel stated:

MR. JONES: Your Honor, for greater purposes we realize that we have filed a request to have this case tried before the court, but just a little while ago my client informed me that he wishes to retract that and have a jury trial in this matter.

THE COURT: He's waived a jury trial, so if he's not ready for this case, then it's too late now to change.

MR. JONES: Okay.

Appellant argues that the record makes it clear that, at the time of his trial, appellant did not desire to waive his right to a jury. Appellant further argues that there is nothing in the record to show that the withdrawal of the jury waiver would have resulted in an unreasonable delay, inconvenience to the witnesses, or prejudice to the State. Appellant concludes that, under the circumstances, the district court's refusal to permit the withdrawal of the jury waiver denied him his state and federal constitutional right to trial by jury.

The Sixth Amendment provides that in all criminal prosecutions, "the accused shall enjoy the right to a speedy and public trial, by an impartial jury...." U.S. Const. amend. VI. The Texas Constitution provides that "[t]he right of trial by jury shall remain inviolate," and authorizes the legislature to "pass such laws as may be needed to regulate the same, and to maintain its purity and efficiency." Tex. Const. art. I, § 15. The legislature has provided that a criminal defendant may waive the right to trial by jury, provided that such waiver must be made in person by the defendant in writing in open court with the consent and approval of the court and the prosecutor. Art. 1.13(a).

█ Although appellant has asserted his federal and state constitutional claims under separate points of error, his arguments and authorities under each point are essentially identical. Appellant makes no effort to demonstrate that the Texas Constitution affords a criminal defendant any greater right to

1. In an unpublished opinion dated February 2, 1994, we overruled these points of error on the ground that they were not preserved for review. On petition for discretionary review, the Court of Criminal Appeals ruled that the points were properly preserved and remanded the cause for

further consideration. *Marquez v. State*, No. 266–94 (Tex.Crim.App. May 18, 1994) (not designated for publication). In response to an inquiry by the Clerk, counsel for appellant declined the opportunity to file a supplemental brief on remand.

withdraw a prior waiver of trial by jury than does the United States Constitution. With regard to the question presented by this appeal, we believe the two constitutional provisions are identical.

Appellant relies on two opinions, neither of which is directly on point. *Wilson v. State,* 698 S.W.2d 145 (Tex.Crim.App.1985); *Collins v. State,* 642 S.W.2d 80 (Tex.App.—Fort Worth 1982, no pet.). In *Wilson,* the defendant appeared before a magistrate, waived his right to trial by jury, and entered a plea of no contest. After hearing evidence, the magistrate found the defendant guilty and the case was reset to allow the preparation of a presentence report. When the defendant later appeared before the district court, the court refused to accept the plea because of exculpatory statements made by the defendant to the probation officer who prepared the presentence report. The district court advised appellant, "your alternative then is to put twelve people in the jury box and they get to decide...." 698 S.W.2d at 146. One month later, however, the district court refused to permit the defendant to withdraw his jury waiver and, after a bench trial, found him guilty. The Court of Criminal Appeals held that under the circumstances, the defendant's jury waiver was revoked when he changed his plea.

> It is very clear that in this case the court intended to return the appellant to his same status prior to his plea of nolo contendere (more specifically, the right to have a jury trial).
>
> The trial court's actions in this case clearly revoked all the prior proceedings before the magistrate.

*Wilson,* 698 S.W.2d at 147.

Unlike the defendant in *Wilson,* appellant did not waive his right to trial by jury in conjunction with a plea of guilty or no contest. The waiver form is styled "waiver of jury trial on plea of not guilty" and states that "the defendant will plead not guilty to said charge." The procedural law governing a trial before the court on a plea of guilty has evolved on the basis of different policy considerations than that governing a trial before the court on a plea of not guilty. *Wilson,* 698 S.W.2d at 147. Moreover, unlike the

district court in *Wilson,* the court below never indicated that appellant would be permitted to withdraw his jury waiver. *Wilson* is both factually and legally distinguishable from the cause before us.

In *Collins,* the defendant signed a waiver of jury trial but the prosecutor refused to consent to the waiver. When, at a later hearing, the prosecutor indicated that he then was willing to agree to the jury waiver, the defendant stated that he wished to withdraw his waiver. The district court refused to permit the withdrawal of the waiver and proceeded to try the defendant. The court of appeals held that the district court's approval of the jury waiver in the face of the defendant's declaration that the waiver was withdrawn constituted a denial of the defendant's right to trial by jury. 642 S.W.2d at 83. The court also noted that a jury panel was available and that a withdrawal of the waiver would not have resulted in unreasonable delay of trial or inconvenience to witnesses. *Id.* at 83–84.

*Collins* is also distinguishable from the cause before us. Collins's jury waiver was approved by the prosecutor and district court in the face of his protestation that the waiver was withdrawn. In effect, no waiver of jury trial in accordance with article 1.13(a) was accomplished. Appellant's jury waiver, on the other hand, was approved and signed by both the prosecutor and the district court three days before appellant sought to withdraw it. Appellant sought to withdraw a jury waiver that fully complied with article 1.13(a). Moreover, there is nothing in the record to indicate that a jury panel was immediately available to try this cause.

■ The right to trial by jury is a valuable one. But like any valuable right, the right to trial by jury cannot be manipulated for the purpose of delay. We hold that when the accused waives trial by jury in the manner prescribed by article 1.13(a), and the waiver is approved by the prosecutor and the court as required by that statute, a subsequent request by the accused to withdraw the jury waiver is addressed to the discretion of the trial court. The trial court's ruling will not

be disturbed on appeal absent a clear showing that it abused its discretion.

 Appellant sought to withdraw his jury waiver at the very moment the bench trial on his plea of not guilty was to begin. Immediately after the request to withdraw the waiver was denied, an interpreter was sworn, the indictment was read, and appellant entered his plea. The State then called the first of its eleven witnesses. There is nothing in the record to indicate that a jury panel was available, and we infer that a grant of appellant's request would have necessitated resetting appellant's trial to a later date. On this record, the district court has not been shown to have abused its discretion by overruling appellant's request to withdraw his jury waiver. Points of error one and two are overruled.

The judgment of conviction is affirmed.