Francisco D. MARQUEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 1023–94.

Court of Criminal Appeals of Texas, En Banc.

April 3, 1996.

Rehearing Overruled May 1, 1996.

Linda Icenhauer–Ramirez, Austin, for appellant.

Lisa Dotin Stewart, Asst. Dist. Atty., Robert A. Huttash, State's Atty., Austin, for the State.

*OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW*

KELLER, Judge.

Appellant was convicted of indecency with a child. Tex.Penal Code Ann. § 21.11 (1989). The Court of Appeals affirmed his conviction. *Marquez v. State*, 882 S.W.2d 100 (Tex. App.—Austin 1994) (op. on remand).[1] We granted appellant's petition for discretionary review to decide whether the Court of Appeals erred (1) in finding that the withdrawal of a jury waiver is addressed to the discretion of the trial court and (2) in inferring facts from the record to conclude that the trial court did not abuse its discretion. We will affirm.

I.

The trial court's docket sheet reflects that appellant's case was set for jury trial six times between April and June of 1993. Eventually, the case was set for a trial before the court on June 28, 1993. On June 28, appellant formally waived his right to jury trial on a plea of not guilty. The court set the matter for trial before the court to be held on July 1, 1993.

On the morning of July 1, the court swore in an interpreter and the State announced ready for trial. At this point, the following exchange took place:

[Appellant's counsel:] Your Honor, for greater purposes we realize that we have filed a request to have this case tried before the court, but just a little while ago my client informed me that he wishes to retract that and have a jury trial in this matter.

[The Court:] He's waived a jury trial, so if he's not ready for this case, then it's too late now to change.

[Appellant's counsel:] Okay.

Immediately following the denial of the request and resolution of a few minor matters, the trial began. The State called eleven witnesses, including the seven year old victim, and rested on the same day that trial began.

On appeal, appellant claimed he was denied his right to a jury trial under the state and federal constitutions "after his attorney notified the court that appellant wished to withdraw his waiver of jury trial prior to the commencement of trial." In affirming appellant's conviction, the Court of Appeals held that the request by a defendant to withdraw a jury waiver is "addressed to the discretion of the trial court." *Marquez*, 882 S.W.2d at 102. The Court further held that the trial court will not be reversed "absent a clear showing that it abused its discretion." *Id.* at 102–103. In determining whether the trial court had abused its discretion in this case, the Court stated "[t]here is nothing in the record to indicate that a jury panel was available, and we infer that a grant of appellant's request would have necessitated resetting appellant's trial to a later date." *Id.* at 103.

While both parties urge adoption of an "abuse of discretion" standard, appellant advocates application of the standard in light of a presumption in favor of granting the withdrawal, while the State essentially seeks a presumption against granting the withdrawal. Appellant contends that a defendant should be entitled to withdraw his jury waiv-

---

1. The Court of Appeals originally overruled appellant's points of error on the ground that they were not preserved for review. *Marquez v. State*, No. 03–93–458–CR (Tex.App.—Austin Feb. 2, 1994) (unpublished opinion). On petition for discretionary review, this Court held that the points were properly preserved and remanded the cause for further proceedings. *Marquez v. State*, No. 266–94 (Tex.Crim.App. May 18, 1994) (unpublished opinion).

er unless the record affirmatively shows that allowing a withdrawal would unjustly delay the trial, impede justice, or cause an inconvenience to witnesses. The State contends that withdrawal of the waiver should be allowed only if the record affirmatively shows that withdrawal will not delay the trial, prejudice the State, or inconvenience the witnesses.

## II.

▇ The Texas Constitution provides that "[t]he right of trial by jury shall remain inviolate." Tex. Const. art. 1, § 15; *see also* Tex.Code Crim.Proc.Ann. art. 1.12. The United States Constitution also protects the right to trial by jury. U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury."). Further, a jury trial is "fundamental to the American scheme of justice ..." *Duncan v. Louisiana,* 391 U.S. 145, 149, 88 S.Ct. 1444, 1447, 20 L.Ed.2d 491 (1968); *accord Samudio v. State,* 648 S.W.2d 312 (Tex.Crim.App.), *cert. denied,* 462 U.S. 1132, 103 S.Ct. 3113, 77 L.Ed.2d 1368 (1983). Because of the "fundamental" and "inviolate" nature of the right to trial by jury, Texas law requires waiver of jury trial to be made in person in writing in open court. Tex.Code Crim.Proc. art. 1.13.

While article 1.13 provides for the method by which a jury may be waived, it does not provide for the undoing of such waiver. Further, this Court has never addressed the question of whether a defendant can withdraw a validly executed jury waiver. Accordingly, both parties point to other jurisdictions that have addressed the issue.

The approaches taken by other jurisdictions are diverse. Ohio and Pennsylvania have conferred on the defendant, by statute or procedural rule, an absolute right to withdraw a jury waiver before trial. Pa. R.Crim.P. 1102(b). *Commonwealth v. Wright,* 362 Pa.Super. 464, 524 A.2d 970, 971–972 (1987). Ohio R.C. § 2945.05. *State*

*v. Grimsley,* 3 Ohio App.3d 265, 444 N.E.2d 1071, 1073 & 1073–1074 n. 2 (1982). The general rule, however, is that withdrawal of the waiver is within the "sound discretion" of the trial court. *People v. Chambers,* 7 Cal.3d 666, 102 Cal.Rptr. 776, 778, 498 P.2d 1024, 1026 (Cal.1972). Colorado R.S.A. § 18–1–406(3). *State v. Rankin,* 102 Conn. 46, 127 A. 916, 917 (1925). *Floyd v. State,* 90 So.2d 105, 106 (Fla.1956). *People v. Catalano,* 29 Ill.2d 197, 193 N.E.2d 797, 800 (1963), *cert. denied,* 377 U.S. 904, 84 S.Ct. 1164, 12 L.Ed.2d 176 (1964). *Woodson v. State,* 501 N.E.2d 409, 411 (Ind.1986). *State v. Burnett,* 218 Kan. 696, 542 P.2d 707, 708 (1976). *State v. Catanese,* 385 So.2d 235, 237 (La.1980). *Mathias v. State,* 284 Md. 22, 394 A.2d 292, 294 (1978), *cert. denied,* 441 U.S. 906, 99 S.Ct. 1996, 60 L.Ed.2d 375 (1979). *People v. Miller,* 149 Misc.2d 554, 566 N.Y.S.2d 429, 432 (N.Y.Super.Ct.1990). *Sutton v. State,* 163 Neb. 524, 80 N.W.2d 475, 476 (1957). *State v. Villareall,* 57 Or.App. 292, 644 P.2d 614, 615 (1982). *State v. Ellis,* 598 S.W.2d 826, 827 (Tenn.Crim.App.1980). *Thomas v. Commonwealth,* 218 Va. 553, 238 S.E.2d 834, 835–836 (1977). *State v. Cloud,* 133 Wis.2d 58, 393 N.W.2d 123, 125 (App.1986).

While the authorities overwhelmingly agree that it is within the trial court's discretion to allow withdrawal of a jury waiver, the authorities disagree over the nature of that discretion and how it should be exercised. Alabama and Oklahoma have concluded that a trial court does not err in refusing to permit the withdrawal of a jury waiver so long as the waiver had been executed voluntarily, knowingly, and intelligently—implying that the trial court's discretion is absolute once a valid waiver has been made. *Day v. State,* 395 So.2d 119, 120 (Ala.Crim.App. 1980). *Wabaunsee v. State,* 554 P.2d 36, 38 (Okla.Crim.App.1976).[2] Some states require an affirmative showing by the defendant that he will suffer prejudice, or that there has been a change in circumstances justifying re-

---

**2.** The Sixth Circuit seems to reach a similar conclusion with regard to federal constitutional law. *Sinistaj v. Burt,* 66 F.3d 804 (6th Cir.1995) (holding that a trial court's refusal to withdraw a jury waiver ordinarily does not implicate the federal constitutional right to a jury trial). Moreover, although the case has apparently been su-

perseded, *see* this opinion *post,* Indiana at one time held the position that a defendant could never withdraw his waiver without the State's consent because a right, once waived, no longer exists. *Davidson v. State,* 249 Ind. 419, 233 N.E.2d 173, 176 (1968).

evaluation of the waiver, or at least, that the defendant has a good reason for changing his mind. *Chambers*, 102 Cal.Rptr. at 778, 498 P.2d at 1026 (trial court did not abuse its discretion because defendant did not give a sufficient reason for changing his mind). *Woodson*, 501 N.E.2d at 411 (Indiana) (trial court did not abuse its discretion because defendant failed to demonstrate a change of circumstances that would justify a re-evaluation of his waiver). *Hutchins v. State*, 493 N.E.2d 444, 446 (Ind.1986) (defendant must demonstrate harm or show a change of circumstances justifying withdrawal of the waiver). *State v. Anderson*, 243 Kan. 677, 763 P.2d 597, 600 (1988) (defendant must prove that he was harmed by the trial court's refusal to permit withdrawal of the jury waiver). *People v. McQueen*, 52 N.Y.2d 1025, 438 N.Y.S.2d 299, 299, 420 N.E.2d 97, 97 (1981) (trial court did not abuse its discretion because defendant gave no reason for withdrawal of the waiver other than that he "changed his mind"). *Villareall*, 644 P.2d at 616 (Oregon) (quoting *Chambers* on relevant factors to consider, including the timeliness, the reason for the requested withdrawal, and the possibility of unduly delaying the trial or inconveniencing the witnesses).

But, the more common trend is to afford the defendant relief so long as other participants are not adversely affected:

> [A] limitation is placed upon the exercise of discretion by the trial court by the rule therein recognized that if an accused's application for withdrawal of waiver of jury trial is made in due season, so as not to substantially delay or impede the cause of justice, the trial court should allow the waiver to be withdrawn.

Annotation, *Withdrawal of Waiver of Right to Jury Trial in Criminal Case*, 46 A.L.R.2d 919, 920 (1956); *see also, e.g.,* 21A Am.Jur.2d *Criminal Law* § 900 (1981); 50 C.J.S. *Juries*

§ 111 (1947). Authorities adhering to this view hold that a defendant should be permitted to withdraw his jury waiver unless granting the request would prejudice the state, delay the trial, impede justice, or inconvenience the witnesses, or, in some cases, unless the defendant's request was made in bad faith. *Rankin*, 127 A. at 917 (Connecticut). *Floyd*, 90 So.2d at 106 (Florida). *Cain v. State*, 102 Ga. 610, 29 S.E. 426, 427 (1897). *Catanese*, 385 So.2d at 237 (Louisiana). *State v. Jones*, 270 Md. 388, 312 A.2d 281, 284–285 (1973). *Sutton*, 80 N.W.2d at 476 (Nebraska). *Thomas*, 238 S.E.2d at 835–36 (Virginia). *City of Seattle v. Williams*, 101 Wash.2d 445, 680 P.2d 1051, 1056 (1984). *Cloud*, 393 N.W.2d at 126 (Wisconsin).[3]

Some courts have pointed to the sanctity of the right to trial by jury in applying this prevailing abuse of discretion standard. As explained by one state court:

> Certainly, when dealing with a right so fundamental as to be characterized by our Constitution as one which should "remain inviolate," the court should only deny the privilege thus accorded a defendant charged with crime to a trial by his peers where some adverse consequence will flow from his change of mind.

*Melton*, 271 P.2d at 964. *See also Floyd*, 90 So.2d at 106 (trial by jury is a "fundamental and cherished right"). *Blanton*, 453 P.2d at 32. *Catanese*, 385 So.2d at 237. *Jones*, 312 A.2d at 285 (quoting from *Floyd* ). *Cason v. State*, 66 Md.App. 757, 505 A.2d 919, 927 (1986) (citing *Jones* ). *Cloud*, 393 N.W.2d at 126.

 We are convinced that when an accused validly waives trial by jury, a subsequent request by the accused to withdraw the jury waiver is addressed to the discretion of the trial court. The Court of Appeals did not err in so finding. Moreover, we agree

---

**3.** Several intermediate courts have adopted this prevailing view in apparent conflict with the highest courts of their states. *People v. Melton*, 125 Cal.App.2d Supp. 901, 271 P.2d 962, 963–964 (App.Dept.Super.Ct.1954). *Stevenson v. State*, 163 Ind.App. 399, 324 N.E.2d 509, 512 (1975). *Miller*, 566 N.Y.S.2d at 432. Earlier Kansas Supreme Court cases also take this position in conflict with more recent precedent. *State v. Daigle*, 220 Kan. 639, 556 P.2d 400, 403 (1976), *cert. denied*, 430 U.S. 983, 97 S.Ct. 1679, 52 L.Ed.2d 377 (1977). *State v. Blanton*, 203 Kan. 81, 453 P.2d 30, 32–33 (1969). Although it may be possible to harmonize some of the conflicting authorities, we will assume that the most recent pronouncement of the state's highest court is the controlling authority in a given state. Nevertheless, we may consider the other authorities for their persuasive value.

with the prevailing trend to permit withdrawal of the waiver so long as it is in good faith and there are no adverse consequences. We believe that such a rule is necessary to protect the "inviolate" right to a jury trial.[4]

■ The remaining questions are who has the burden of proof concerning good faith and adverse consequences, and how should an appellate court rule when the record is silent. As to the burden to show adverse consequences, the authorities that address the issue appear to conflict. Several jurisdictions have held that the State must shoulder the burden of showing prejudice, delay of the case, impedance of justice, or inconvenience to witnesses on the theory that a trial court should liberally exercise in the defendant's favor its discretion to grant a jury trial. *Cain v. State*, 29 S.E. at 427 (Georgia). *Brumbalow v. State*, 128 Ga.App. 581, 197 S.E.2d 380, 380–381 (1973). *Catanese*, 385 So.2d at 237 (Louisiana). *Floyd*, 90 So.2d at 107 (Florida). *Thomas*, 238 S.E.2d at 835–836 (Virginia). *Williams*, 680 P.2d at 1056 (Washington) (quoting *Thomas* with approv-

al).[5] Other jurisdictions have held that the burden falls to the defendant to show that granting his motion will *not* prejudice the state, delay the case, impede justice, or inconvenience witnesses. *Rankin*, 127 A. at 917–918 (Connecticut). *State v. Hinckley*, 198 Conn. 77, 502 A.2d 388, 395–396 (1985) (citing *Rankin* with approval). *Mathias*, 394 A.2d at 295 (Maryland). *Jones*, 312 A.2d at 285 (Maryland).[6] *Sutton*, 80 N.W.2d at 476–477. These latter courts base their view on the nature of the abuse of discretion standard. When the trial court is exercising its discretion, its decisions carry a "presumption of validity." *Mathias* 394 A.2d at 295. "It will be presumed, in the absence of a showing to the contrary, that the discretionary powers of the [trial] court have been wisely exercised." *Sutton*, 80 N.W.2d at 476.

■ We agree with the latter approach. We have generally held, even for constitutional claims, that the party seeking to change the status quo bears the burden of showing facts entitling him to relief. A party offering evidence bears the burden of show-

**4.** In his concurring opinion, Judge Meyers contends that, once the right to jury trial is waived, the right no longer exists. That conclusion begs the question about the nature of the right to a jury trial. There are clearly some rights that may be reinvoked after waiver. For instance, an accused may reassert his right to silence in the face of custodial interrogation even if he has previously waived that right. Obviously, there are limitations to such a reassertion: the accused cannot "take back" a confession already given. But, police officers could not continue to interrogate an accused on the theory that, having waived his right to remain silent, it no longer exists. The right to remain silent by its nature contains the right to reassert silence even after waiver. The right to counsel at trial may also be reasserted after waiver. *United States v. Taylor*, 933 F.2d 307, 311 (5th Cir.), *cert. denied*, 502 U.S. 883, 112 S.Ct. 235, 116 L.Ed.2d 191 (1991). In *Taylor*, the defendant had waived his right to counsel during trial but was given standby counsel, who played a significant role in assisting the defendant. *Id.* After the guilty verdict, the defendant requested that he be represented by counsel at sentencing. *Id.* The district court denied the request "on the basis that [the defendant's] initial election to proceed pro se was valid and still effective." *Id.* The Fifth Circuit reversed, holding that the defendant had a right to withdraw his waiver of counsel although this right was not unqualified. *Id.* A defendant could not withdraw his waiver "in order to delay his trial or otherwise obstruct the orderly admin-

istration of justice." *Id.* But in *Taylor*, standby counsel could have stepped into the role of counsel without being inconvenienced and without delaying the proceedings. *Id.* Further, the trial court had delayed sentencing through no fault of the defendant. *Id.* Under these circumstances, the Fifth Circuit held that the trial court had abused its discretion in refusing to permit the defendant to withdraw his waiver at sentencing. *Id.* Likewise, the right to a jury trial is of such nature that it may be reasserted after waiver under limited circumstances. In making the analogy to the rights to silence and to counsel, we do not mean to set these rights up as a model for the reassertion of a constitutional right, nor do we mean to say that all constitutional rights may be reasserted. We merely illustrate that waiver of a right does not always extinguish the right, but may, instead, merely result in limitations upon the right's subsequent reassertion.

**5.** Also placing the burden on the State are superseded cases in California and Kansas. *Melton*, 271 P.2d at 965. *Blanton*, 453 P.2d at 33 (quoting *Floyd* with approval).

**6.** *Jones* construed former Md.Rule 741, currently Md.Rule 4-246(c), which provides that a defendant may withdraw his jury waiver "for good cause shown." 312 A.2d at 284. In construing "good cause," the court relied upon the Annotation cited in the present opinion *ante* and also upon cases from other states that have addressed the issue. *Id.* at 284–285.

ing that the evidence is admissible. *Penry v. State,* 903 S.W.2d 715, 762 (Tex.Crim.App. 1995) (burden on party offering expert testimony to show that expert is qualified). *Clark v. State,* 881 S.W.2d 682, 698 (Tex. Crim.App.1994), *cert. denied,* — U.S. —, 115 S.Ct. 1114, 130 L.Ed.2d 1078 (1995) (burden on party offering expert testimony to show that testimony would assist the factfinder). *Chambers v. State,* 866 S.W.2d 9, 26 (Tex.Crim.App.1993), *cert. denied,* — U.S. —, 114 S.Ct. 1871, 128 L.Ed.2d 491 (1994) (burden on party offering evidence to show relevance to bias). A defendant who seeks to change venue because of prejudicial pretrial publicity bears the burden to show prejudice. *Narvaiz v. State,* 840 S.W.2d 415, 428 (Tex. Crim.App.1992), *cert. denied,* 507 U.S. 975, 113 S.Ct. 1422, 122 L.Ed.2d 791 (1993). A party who seeks to exclude a prospective juror from the jury bears the burden of demonstrating that exclusion is proper. *Jacobs v. State,* 787 S.W.2d 397, 402 (Tex.Crim. App.), *cert. denied,* 498 U.S. 882, 111 S.Ct. 231, 112 L.Ed.2d 185 (1990). A party seeking to mount a *Batson* challenge against the opposing party's use of peremptory challenges must show a prima facie case and, if the opposing party gives race neutral reasons bears the burden of proving intentional discrimination. *Chambers,* 866 S.W.2d at 23.

▮▮▮▮ While a defendant begins with an absolute right to a jury trial, once that right has been waived, the defendant who seeks to withdraw that waiver occupies the position of a party seeking to change the status quo. The substantive standard permitting a defendant to obtain relief is the absence of adverse consequences to granting the withdrawal. Logically, the defendant has the burden of showing that he meets the standard.[7] We hold that a defendant should be permitted to withdraw his previously executed jury waiver

if he establishes on the record that his request to do so is made sufficiently in advance of trial such that granting his request will not: (1) interfere with the orderly administration of the business of the court, (2) result in unnecessary delay or inconvenience to witnesses, or (3) prejudice the State.

▮▮▮▮ The control of the business of the court is vested in the sound discretion of the trial judge. *See Wheatfall v. State,* 882 S.W.2d 829 (Tex.Crim.App.1994). If the defendant's claims are rebutted by the State, by the trial court, or by the record itself, the trial court does not abuse his discretion in refusing to allow withdrawal of the waiver.

### III.

▮▮▮ In the present case, appellant sought to withdraw his jury waiver at the very moment his trial was to begin. The State had announced ready and an interpreter had been sworn. Appellant failed to claim or demonstrate that, in spite of the untimeliness of the request, granting the withdrawal would not prejudice the State, inconvenience the witnesses, and interfere with the orderly administration of the court. Under these circumstances, the trial court was well within his discretion in refusing to allow appellant to withdraw his jury waiver.[8]

The judgment of the Court of Appeals is affirmed.

WHITE, J. joins with note: I join the opinion of the Court. However, I also agree with the reasoning in J. MEYERS' concurring opinion.

MEYERS, Judge, concurring.

The majority proposes a rule that allows a defendant to withdraw a jury trial waiver absent evidence in the record showing undue

---

7. In his dissenting opinion, Judge Maloney argues that placing the burden upon the State to show adverse consequences is necessary to preserve the "inviolate" right to a jury trial. We disagree. The right is preserved by the fact that appellant need only show the absence of prejudice to other participants rather than demonstrating the existence of prejudice to himself. The question of who has the burden of proof is not a part of the substantive claim of right to withdraw the jury waiver. A silent record does

not mean that the state, witnesses, and trial court did not in fact suffer prejudice; it merely means that proof was not offered on the issue.

8. Due to our determination that appellant failed to meet his burden, we need not address his second ground for review relating to whether or not the Court of Appeals erred by inferring that granting the request would have occasioned delay in the trial.

delay of the judicial process or detrimental effect to the State or witnesses. As the opinion correctly notes, the courts of other states have adopted similar rules in their respective jurisdictions. Of course, I agree that the right to trial by jury is extremely important and that a defendant should be able to withdraw a jury trial waiver under circumstances like those outlined by appellant's proposed rule. In fact, if the Texas legislature were voting on such a rule I would most probably support it. However, I cannot find a statute in Texas that provides defendants with the right to withdraw a jury trial waiver nor can I find such a right implicit within either our constitution or the United States Constitution. Perhaps, therefore, the majority relies not on statutory or constitutional law in advancing its rule, but, instead, on some inherent power this Court has to pass rules that seem "just" or "right". They, however, never explicitly articulate the source of their holding, nor do any of their possible sources accord defendants the right to withdraw a jury trial waiver.

*I.*

As to the right of jury trial, whether constitutional or statutory, we may, of course, identify additional rights that flow from that "inviolate" right. *See* TEX. CONST. art. I, § 15 and the Tex.Code Crim.Proc.Ann. art. 1.12. As we recognized in *Marin v. State,* 851 S.W.2d 275, 280 (Tex.Crim.App.1993), a defendant has a right to waive his right to a jury trial. This right logically follows from the right to trial by jury in that true possession of a right includes the power to control it. As such, a defendant should be able to

give up his prerogative to trial by jury free from outside interdictions since such prohibitions would be an usurpation of control over the right. In fact, if another entity prohibits a defendant from waiving his right to trial by jury, the "right" may become a requirement. *See Id.* at 279 (describing those things that are independent of the litigant's wishes as "requirements"). Thus, the liberty to waive a jury trial is part and parcel of the right to trial by jury guaranteed in both our constitutional and statutory law.

The right to a trial by jury, however, "enjoy[s] special protection in [our] system". *Id.* at 278. Thus, a defendant cannot relinquish it unless "he says so plainly, freely, and intelligently, sometimes in writing and always on the record". *Id.* at 280. Our law ensures the sanctity of this right by providing stringent guidelines that do not allow for quick inferences of waiver. Such exacting protections of the right are consistent with the right's description in our constitution as "inviolate". They are also consistent with the fact that once effectively waived, the right to trial by jury no longer exists. The majority fails to recognize this consistency and, instead, apparently rests its analysis on the assumption that the right to a jury trial exists even after an effective waiver. After all, the majority's argument cannot work without this assumption. If an effective waiver truly extinguishes a defendant's right to a jury trial then this right, inviolate or not, from which the majority infers the right to withdraw, no longer exists. I cannot find any support for the argument that the right to trial by jury exists subsequent to an effective and explicit waiver.[1] Accordingly, once

---

**1.** The Supreme Court has stated that "[e]ven were we to assume, without deciding, that a State may constitutionally exact ... the waiver of a constitutional right, we would be unable to find any justification for denying the right to withdraw it." *Stevens v. Marks,* 383 U.S. 234, 243–44, 86 S.Ct. 788, 793, 15 L.Ed.2d 724 (1966). Recognizing this language as a general proposition applicable to all constitutional rights, the Fifth Circuit has held that a trial judge may, upon a defendant's request, vacate an order granting change of venue and, in fact, must do so "when there is no justification" to deny such a request. *United States v. Marcello,* 423 F.2d 993, 1005 (5th Cir.1970). Although couched in broad language, the holding in *Stevens* does not necessarily extend to all constitutional rights. If it

did, one would expect that both Justice Marshall and Justice Stewart, when separately forwarding arguments similar to those in today's majority opinion, would cite to *Stevens* in support of their positions. They, however, do not. *See Dukes v. Warden, Connecticut State Prison,* 406 U.S. 250, 92 S.Ct. 1551, 32 L.Ed.2d 45 (1972) (Stewart, J., concurring) (Marshall, J., dissenting); *Santobello v. New York,* 404 U.S. 257, 266–69, 92 S.Ct. 495, 501–02, 30 L.Ed.2d 427 (1971) (Marshall, J., concurring in part and dissenting in part).

The right to "withdraw" the waiver of a constitutional right ought to depend on the nature of the right waived. The pre-trial privilege against self-incrimination, at issue in *Stevens,* fundamentally differs from the right to trial by jury at issue

the defendant effectively waives his right to a jury trial, he cannot demand that it be given back under either the Texas Constitution, the United States Constitution or art. 1.12 because it is no longer his.

## II.

Since no constitutional or statutory right to withdraw a jury trial waiver exists, I am befuddled as to the source of the majority's rule. Perhaps the majority believes that the "general rule" they adopt makes sense or is the "right" result. It is not our job, however, to determine what is right or wrong as a matter of policy, but rather, to conduct constitutional and statutory analysis and interpretation. In fact, the defendant doesn't even ask us to do this; he claims only that we should grant him relief pursuant to the United States Constitution, our constitution and art. 1.12. Of course, the right to a jury trial cannot be taken from a defendant, either by force or coercion. Only the defendant can relinquish that right, and as discussed above, he must do so knowingly and on the record. But once the defendant does effectively waive his right, he has given it up entirely and no concept of justice to which I can subscribe demands that we let him take it back. In the end, we should not confuse the unfortunate nature of the defendant's predicament with questions of justice.

Like the majority, then, I would affirm the Court of Appeals' decision. But unlike the majority, I do not reach the conclusion that the trial court could have, but did not, abuse its discretion in not allowing the defendant to withdraw his jury trial waiver. Rather, since no law exists giving the defendant the right to withdraw an effective jury trial waiver, the trial court could *not* have, and therefore did not, abuse its discretion in not allowing him to do so. Therefore, I concur only in the judgment of the Court.

BAIRD, Judge, dissenting.

For the reasons stated *post*, I believe defendants should not bear the burden of establishing they are entitled to withdraw their jury waivers. Instead, like Judge Maloney, I believe, due to the inviolate nature of the right to trial by jury, the trial judge's discretion to permit the withdrawal of a jury trial waiver should be viewed in favor of permitting the waiver to be withdrawn. *Post* at 226. Accordingly, I join Judge Maloney's dissent. However, I write separately to address a matter not addressed by either the majority or the dissent.

Because of the fundamental and inviolate nature of the right to trial by jury, any waiver of that right must be knowing and voluntary. The most important consideration in whether to waive a jury trial is knowing which particular judge will be trying the case if a jury is in fact waived. Consequently, if a defendant has waived the right to trial by jury and on the scheduled trial day, the particular judge who the defendant reasonably believed would try the case is not available and the case is to be tried by a different judge who is objectionable to the defendant, the defendant has an *unqualified* right to withdraw the jury trial waiver.

The instant case was assigned to the 147th Judicial District Court of Travis County. Appellant executed his jury trial waiver on June 28, 1993. On that date, the judge of the 147th District Court was the Honorable Wilford Flowers. On the day of trial, July 1, 1993, Judge Flowers was not available to try appellant's case. Instead, the case was tried by the Honorable Mace B. Thurman, Jr., a visiting judge. However, appellant did not contend then and does not contend now that Judge Thurman was objectionable. Consequently, appellant did not have an unqualified right to withdraw his jury trial waiver.

MALONEY, Judge, dissenting.

The question presented in this case is whether the State should bear the burden of

---

in this case. The pre-trial privilege against self-incrimination, unlike the right to a jury trial, attaches at every pre-trial point in a criminal proceeding. A waiver of the privilege at one point during that process in no way constitutes a waiver at all points. Thus, the desire of a defen-

dant, who has previously waived his privilege, to cease communications with governmental authorities may be best characterized not as a withdrawal of the previous waiver, but rather as an assertion of the privilege from that point forward.

making an affirmative showing that it would be prejudiced by a granting of the defendant's request to withdraw a jury waiver or whether the defendant should bear the burden of making an affirmative showing that the State would not be prejudiced thereby.[1] The majority holds that the burden is placed on the defendant to establish that he is entitled to withdraw his jury waiver by affirmatively showing on the record that the state would not be prejudiced by the granting of the withdrawal. *Majority op.* at 223.

While agreeing with the majority that the decision whether to grant a request to withdraw a previously executed jury waiver is generally within the discretion of the trial court, I would hold, due to the "inviolate" nature of the right to a trial by jury, that such discretion is to be "exercised liberally in favor of granting to an accused the right to trial by jury." *Floyd v. State,* 90 So.2d 105, 107 (Fla.1956). In other words, a trial court should be found to have abused its discretion in denying a defendant's request to withdraw a jury waiver unless the record affirmatively shows that the withdrawal of the waiver would have caused undue delay, prejudice to the State, or real inconvenience to the witnesses. *See, e.g., Floyd v. State,* 90 So.2d 105, 107 (Fla.1956); *Cochran v. State,* 383 So.2d 968, 969 (Fla.Dist.Ct.App.1980); *Brumbalow v. State,* 128 Ga.App. 581, 197 S.E.2d 380, 380–81 (1973); *Thomas v. Commonwealth,* 218 Va. 553, 238 S.E.2d 834, 835–36 (1977).

The majority concludes it is "logical" to place the burden on the defendant because "[w]e have generally held ... that the party seeking to change the status quo bears the burden of showing facts entitling him to relief." *Majority op.* at 222–223. In support of this holding, the majority points to cases in which the burden is placed on the proponent of evidence to show something about that evidence. *Id.* The majority also refers to caselaw holding that a defendant seeking to change venue has the burden of demonstrating how he is prejudiced by the publicity in the current venue. *Id.* While these cases make sense in the contexts presented, placing the burden on the defendant in the instant context is not so clearly logical. The burden should logically be assigned to the party who is best positioned to carry that burden. In the evidence context, it makes sense to place the burden on the party presenting the evidence to advocate for its admission. For instance, the party proffering expert testimony is best positioned to demonstrate the qualifications of the expert; this makes more sense than requiring the opponent to demonstrate why the expert is *not* qualified. Similarly, in the venue context, it makes sense to place the burden on the party complaining about the venue to show why it should be changed. Here, it makes no sense to burden the defendant with demonstrating that withdrawal of his jury waiver will not cause undue delay, prejudice to the State, or real inconvenience to the witnesses. This requires the defendant to prove a negative that he may know little or nothing about. The burden is most appropriately placed on the State to demonstrate undue delay, prejudice to its case or inconvenience to its witnesses.

Contrary to the State's argument, this rule would not "impede the administration of justice." If the record reflected that withdrawal of the waiver would result in undue delay, prejudice to the State, or real inconvenience to the witnesses, the trial court would have discretion to deny the request. The State would simply need to ensure that one or more of these prejudices would be affirmatively shown on the record.

---

1. The majority frames the disputed issue in this case as follows:

 > While both parties urge adoption of an "abuse of discretion" standard, appellant advocates application of the standard in light of a presumption in favor of granting the withdrawal while the State essentially seeks a presumption against granting the withdrawal. Appellant contends a defendant should be entitled to a withdrawal of a jury waiver unless the record affirmatively shows that allowing a withdrawal would unjustly delay the trial, result in impedance of justice, or cause an inconvenience to witnesses. The State contends withdrawal of the waiver should be allowed only if the record affirmatively shows that withdrawal will not result in delay, prejudice to the State, or inconvenience to witnesses.
 > *Majority op.* at 220.

The Court of Appeals stated that there was nothing in the record indicating that a jury was available. *Marquez v. State,* 882 S.W.2d 100, 103 (Tex.App.—Austin 1994). The court therefore *inferred* that a jury *was not* available, concluding that the case would have to be reset for a jury, resulting in delay. *Id.* The Court of Appeals erred in this regard. In the absence of any evidence in the record as to the availability of a jury, presumptions and inferences should be made against the party bearing the burden, which in my opinion ought to be the State. I would therefore hold that the Court of Appeals erred in inferring, in favor of the State, that a jury was not available. *Cf. Goffney v. State,* 843 S.W.2d 583, 585 (Tex.Crim.App. 1992) (where record must show that defendant was admonished as to dangers of self-representation, court cannot presume waiver from silent record).

The question remains whether, without the inference as to the availability of a jury, the record otherwise affirmatively shows that appellant's waiver would have resulted in undue delay, prejudice to the State, or real inconvenience to the witnesses. As the Court of Appeals did not address this issue I would vacate the judgment of the Court of Appeals and remand this cause to that court to reconsider this issue. For these reasons, I dissent.

CLINTON, OVERSTREET, and BAIRD, JJ., join.