Criminal Case Template












 COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS








IN THE MATTER OF J.I.C., a Juvenile


 

§


§


§


§


§

No. 08-02-00239-CV


Appeal from the


65th District Court


of El Paso County, Texas


(TC# 00,01676)


M E M O R A N D U M O P I N I O N



 This is an appeal from the trial court's denial of a motion to withdraw the waiver of
a jury trial. After a bench trial, the court found the juvenile guilty of engaging in delinquent
conduct. We affirm the judgment of the trial court.

I. SUMMARY OF THE EVIDENCE


 On March 26, 2002, J.I.C. was arrested for and charged with writing graffiti and
evading arrest. On April 3, 2002, he signed a waiver of his right to jury trial. That same day,
the trial court set J.I.C.'s case for a bench trial to begin April 17, 2002. On April 8, 2002,
J.I.C. filed a motion to withdraw the jury waiver. This motion was heard on April 17, 2002
the day the bench trial was to begin, and the motion was denied. In denying the motion, the
court stated that to reset the case would cause undue delay and a jury trial could not be heard
until, "well into the month of May at least if not into June." The trial court, on the same day,
rescheduled the bench trial to begin April 29, 2002. On April 22, 2002, about a week before
trial was to begin, J.I.C. filed a motion to reconsider the motion to withdraw the jury waiver,
which the trial court again denied. The bench trial began on April 29, 2002 and the court
found J.I.C. had engaged in delinquent conduct and he was committed to the Texas Youth
Commission. The disposition hearing was held on June 4, 2002, and J.I.C. was ordered to
be committed to the Texas Youth Commission. 

II. DISCUSSION


 In the juvenile's sole issue, he asserts the juvenile court abused its discretion by
denying his request to withdraw his jury waiver. It is within the discretion of the trial court
to grant or deny a motion to withdraw a jury waiver because such orders fall under the
business of the court. Marquez v. State, 921 S.W.2d 217, 223 (Tex. Crim. App. 1996).
Unless there is an abuse of discretion, an appellate court will not reverse the denial of a
motion to withdraw a jury waiver. Id. at 221-22. A trial court abuses its discretion when it
acts without reference to guiding rules and principles. Montgomery v. State, 810 S.W.2d
372, 380 (Tex. Crim. App. 1990); In re M.A.C., 999 S.W.2d 442, 446 (Tex. App.--El Paso
1999, no pet.). 

 Both the United States Constitution and the Texas Constitution guarantee a right to
a trial by jury. U.S. Const. amend. VI; Tex. Const. art. I, § 15. This right remains
"inviolate." Tex. Code Crim. Proc. Ann. art. 1.12 (Vernon 1977). In the context of a
juvenile, a waiver of this right is prescribed by the Texas Family Code. To be valid, a waiver
must (1) be made by the child and the attorney for the child; (2) the consequences of the
waiver must be understood by both the attorney and the child; (3) be made voluntarily, and
(4) it must be made in writing or in open court. Tex. Fam. Code Ann. § 51.09 (Vernon
2002). (1) If, however, one wishes to withdraw their jury waiver, Texas statutes do not provide
defendants or judges a method by which to do so. 

 In Marquez, the Texas Court of Criminal Appeals provided a framework by which a
trial court may properly refuse a withdrawal of a jury waiver. Marquez, 921 S.W.2d at 223.
The court reasoned that while a defendant has an absolute right to a trial by jury, once that
right has been waived, the burden falls upon the defendant when he wants to change the
status quo. Id. The trial court can therefore grant the motion for withdrawal if it is made in
good faith and there are no adverse consequences. Id. at 221-22. The court additionally held
that a defendant should be allowed to withdraw his waiver if his request is made sufficiently
in advance of trial such that granting the withdrawal will not: (1) interfere with the orderly
administration of the business of the court, (2) result in unnecessary delay or inconvenience
to witnesses, or (3) prejudice the State. Id. at 223. If the State, the trial court, or the record
itself can rebut defendant's claims, then the trial court does not abuse its discretion in
refusing to allow defendant to withdraw his jury waiver. Id. 

 Applying these standards to the case at hand, the trial court did not abuse its discretion
in denying Appellant's motion to withdraw the jury waiver. J.I.C. asserts that while at first
glance, the statement of the court that the denial of the motion was based upon undue delay
might appear reasonable, this rational lost all validity once the court vacated the setting for
that day and reset the case for the 29th of April. However, Appellant neglects to cite the rest
of the judge's words when giving the reason for resetting the trial. He denied the withdrawal
because his "jury trials are well into the month of May at least if not into June." Appellant's
argument that the trial judge lost its validity when he set the trial for a later date does not
show a lack of adverse consequences. Clearly, granting Appellant's motion to withdraw the
jury waiver would have adverse consequences to the court because trying to get a jury would
have delayed the courts docket thus interfering with the "orderly administration of the
business of the court." Id. Appellant did not show otherwise. It therefore does not become
incumbent upon the state or the court to rebut "obvious facts" and identify adverse
consequences. We overrule the sole issue on review.

 Having overruled the sole issue on review, we affirm the judgment of the trial court.

March 26, 2004



 

 RICHARD BARAJAS, Chief Justice



Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.
1. J.I.C. states in the brief submitted to this Court that the validity or voluntariness of the original waiver is
not questioned.