In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-06-212 CR


____________________



DONALD RAY SIGARST, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 90200






 MEMORANDUM OPINION 


 The trial court denied Donald Ray Sigarst's request that he be allowed to withdraw
his waiver of a jury trial. In a single appellate issue, Sigarst asserts the trial court erred in
denying his request. We affirm.

Background


 The record shows that Sigarst's case was set for a jury trial on ten occasions from May
24, 2004, to January 20, 2006. On April 10, 2006, Sigarst formally waived his right to a jury
trial, and the trial court set the case for a bench trial on April 21, 2006. On the day of trial,
Sigarst's attorney informed the court that Sigarst no longer desired a bench trial, but wanted
a jury trial instead. The State's attorney reminded the court that at the last setting when
Sigarst's case was set for a jury trial, he waived that right and signed a waiver in the court's
presence. The State asserted that it was prepared to go to trial and had witnesses present.
After Sigarst acknowledged that he signed the waiver, the trial court stated that it had
dismissed the jury at the previous trial setting because Sigarst represented that he wanted to
waive his right to a jury trial and have a bench trial instead. The court denied Sigarst's
belated request for a jury, conducted a bench trial, found Sigarst guilty of aggravated assault
as a repeat offender, and assessed his punishment at ninety years in prison. 

Standard of Review


 We review the trial court's denial of Sigarst's request for a jury under an abuse of
discretion standard. See Marquez v. State, 921 S.W.2d 217, 223 (Tex. Crim. App. 1996). 
A party who seeks to change the status quo must establish facts that entitle him to relief. Id.
at 222. This general rule applies even to constitutional claims, such as the right to a jury trial.
See id. When a defendant waives his jury-trial right and then asks to withdraw his waiver,
he seeks to change the status quo. Id. at 223. To successfully reassert his right to a jury trial,
the defendant must show "on the record that his request to do so is made sufficiently in
advance of trial such that granting his request will not: (1) interfere with the orderly
administration of the business of the court, (2) result in unnecessary delay or inconvenience
to witnesses, or (3) prejudice the State." Id.; see Green v. State, 36 S.W.3d 211, 214 (Tex.
App.-Houston [14th Dist.] 2001, no pet.).

 In this case, Sigarst did not establish the facts that would have entitled him to
withdraw his waiver. The record fails to show that granting his request would not prejudice
the State, inconvenience the witnesses, or interfere with the orderly administration of the
court. See Marquez, 921 S.W.3d at 223. In fact, the evidence in the record suggests that
witnesses who were present on the day of trial would be inconvenienced by having to return
on another day. Thus, based on the record before us, we find no error in the trial court's
refusing to allow Sigarst to withdraw his waiver of a jury trial. Issue one is overruled.

 Accordingly, the trial court's judgment is affirmed.

 AFFIRMED.


 ___________________________

 HOLLIS HORTON

 Justice 


Submitted on January 24, 2007

Opinion Delivered March 14, 2007

Do Not Publish


Before Gaultney, Kreger, and Horton, JJ.