Dante Wayne TALBERT, Appellant

v.

The STATE of Texas, Appellee

NO. 14-16-00529-CR

Court of Appeals of Texas,
Houston (14th Dist.).

Opinion filed August 15, 2017

Discretionary Review Refused
December 13, 2017

J. Sidney Crowley, Houston, TX, for Appellant.

Eric Kugler, Houston, TX, for Appellee.

Panel consists of Chief Justice Frost and Justices Jamison and Busby.

## OPINION

J. Brett Busby, Justice

After a bench trial, the court found appellant Dante Wayne Talbert guilty of capital murder and sentenced him to confinement for life in the Texas Department of Criminal Justice Institutional Division. In a single issue on appeal, appellant asserts the trial court abused its discretion in denying his request to withdraw his jury waiver. We conclude the trial court did not abuse its discretion because appellant did not meet his burden to show an absence of adverse consequences from granting his request to withdraw his jury waiver. We affirm the judgment of the trial court.

### BACKGROUND

Appellant was convicted of the capital murder of Christopher McGrew, the complainant, while in the course of robbing a sandwich shop. The trial record shows that on September 17, 2013, appellant and his codefendant entered a Subway sandwich shop. The complainant, a regular visitor to the restaurant, was also present. A male employee was in the back of the shop when he heard the bell ring announcing someone had entered the front door. When the male employee looked around the corner, he saw a female employee in a panic and the complainant being held at gunpoint by the codefendant. Appellant then pointed his gun at the male employee and told him not to move. Appellant demanded the money in the cash register, so the male employee opened the register and handed over the money. When appellant and his codefendant demanded the male employee's wallet and cell phone, the complainant started to reach for something in his pants. In response, the codefendant shot the complainant. The male employee grabbed the female employee and headed toward the freezer in the back as a second gunshot rang out. When the male employee re-

turned to the front of the restaurant a few minutes later, appellant and his codefendant were gone and the complainant was lying dead on the floor.

Appellant waived his right to a jury trial on February 8, 2016. On that day, appellant and the State selected a jury for trial, but the parties agreed on a plea before the jury was sworn in. Appellant agreed to testify against his codefendant and waived his right to a jury trial.

As it turned out, appellant did not testify against his codefendant, so the State decided to prosecute. On June 27, 2016, appellant filed a motion to withdraw his prior jury waiver. Trial before the court was set to begin on the same day.

At the hearing on the motion, the State argued that it relied on appellant's jury waiver by not subpoenaing the first responding officer or the 911 caller to testify at trial. Also, the State noted that the case could not be rescheduled until the following year considering the trial schedules of counsel for both parties. Appellant responded that the two witnesses were both government employees and could be summoned without subpoenas. The 911 caller was not a government employee. The trial court asked appellant if he had anything further on two separate occasions during the hearing, but appellant declined both times. The trial court denied appellant's motion to withdraw his jury waiver, finding that it was untimely filed, would cause unnecessary delay, would create an inconvenience to the witnesses, and would prejudice the State.

### ANALYSIS

## I. The trial court did not abuse its discretion in denying appellant's motion to withdraw his jury waiver.

In a single issue, appellant asserts that the State did not adduce sufficient reasons to disallow his request to withdraw his waiver of jury trial.

### A. Standard of review and applicable law

A defendant has an absolute right to a jury trial. U.S. Const. amend. VI; Tex. Const. art. I, § 15; Tex. Code Crim. Proc. Ann. art. 1.12 (West 2005). As a matter of federal constitutional law, the State must establish, on the record, a defendant's express, knowing, and intelligent waiver of that right. *Guillett v. State*, 677 S.W.2d 46, 49 (Tex. Crim. App. 1984); *Samudio v. State*, 648 S.W.2d 312, 314 (Tex. Crim. App. 1983). Article 1.13 of the Code of Criminal Procedure sets out the required formalities of a jury-trial waiver. Tex. Code Crim. Proc. Ann. art. 1.13(a) (West Supp. 2016) ("The defendant in a criminal prosecution ... shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that ... the waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the state.").

Once the defendant validly waives his right to a jury trial, he does not have the unfettered ability to reassert that right. *Hobbs v. State*, 298 S.W.3d 193, 197 (Tex. Crim. App. 2009). The defendant who wants to withdraw his prior written waiver—and is seeking to change the status quo—has the burden to show an absence of adverse consequences from granting the withdrawal. *See id.* The defendant must establish, on the record, that the defendant's request to withdraw the jury waiver has been made sufficiently in advance of trial such that granting the request will not: (1) interfere with the orderly administration of the business of the court, (2) result in unnecessary delay or inconvenience to witnesses, or (3) prejudice the State. *Id.* at 197–98.

A request to withdraw a jury waiver is addressed to the discretion of the trial court. *Id.* at 198. The test for abuse of discretion is not whether, in the opinion of the appellate court, the facts present a suitable case for the trial court's action, but rather, whether the trial court acted without reference to any guiding rules or principles. *Balderas v. State*, 517 S.W.3d 756, 799 (Tex. Crim. App. 2016). If the defendant's claims that adverse consequences are lacking are rebutted by the State, the trial court, or the record itself, the trial court does not abuse its discretion in refusing to allow the withdrawal of the waiver. *Hobbs*, 298 S.W.3d at 198. To determine whether the trial court abused its discretion, we consider the record as a whole. *Penry v. State*, 903 S.W.2d 715, 728 (Tex. Crim. App. 1995).

**B. The trial court did not abuse its discretion because appellant failed to show the lack of relevant adverse consequences.**

Here, it is undisputed that appellant expressly, knowingly, and intelligently waived his right to a jury trial.

At the hearing on appellant's motion to withdraw his jury waiver, appellant only gave his reason for filing the motion. Appellant testified that he originally made a deal with the State that included him waiving a jury trial, but later changed his mind about the deal and wanted to withdraw his jury waiver. Despite having two opportunities, appellant failed to even state, let alone demonstrate, that granting his request would not result in any adverse consequence. Therefore, the trial court reasonably could have concluded that appellant did not meet his burden to establish that granting his motion to withdraw his jury waiver would not: (1) interfere with the orderly administration of the business of the court, (2) result in unnecessary delay or inconvenience to wit-

nesses, or (3) prejudice the State. *See Hobbs*, 298 S.W.3d at 197–98.

The trial court found that allowing appellant's withdrawal at the time would cause unnecessary delay, create an inconvenience to the witnesses, and would prejudice the State because of the late filing of the request for withdrawal of the jury-trial waiver. The record supports these findings. Although it was not the State's burden, the State pointed to potential adverse consequences that could result if appellant's withdrawal was granted, including: (1) appellant filed the motion on the day of trial, which could result in delay; (2) the State relied on the jury waiver and did not subpoena two witnesses for the trial; and (3) the trial schedules of counsel for both parties may have pushed the trial, if rescheduled, back until the following year. Appellant only attempted to rebut the State's second argument regarding the witnesses. As to the other arguments, the record shows this was not the first time appellant interfered with the orderly administration of the court's business. Appellant entered into a plea agreement after a jury had been selected but later changed his mind about the bargain. Appellant's request to withdraw his jury waiver immediately preceding another trial setting would further interfere with the orderly administration of the trial court. Additionally, the trial could not be rescheduled until the following year, further prolonging the case and disrupting the court's docket.

Appellant argues the hearing on his motion was short and produced little evidence other than the State not subpoenaing two witnesses. To withdraw a jury waiver, however, the burden is on the defendant to show the absence of adverse consequences of granting the withdrawal. *Id.* A silent record does not mean that the State, witnesses, and trial court would not suffer prejudice; it merely means that

proof was not offered on the issue. *Smith v. State*, 363 S.W.3d 761, 769 (Tex. App.—Austin 2012, pet. ref'd); *see also Marquez v. State*, 921 S.W.2d 217, 223 n.7 (Tex. Crim. App. 1996) (plurality op.) (stating that "[a] silent record does not mean that the state, witnesses, and trial court did not in fact suffer prejudice; it merely means that proof was not offered on the issue"). Appellant asks us to do what the Court of Criminal Appeals has instructed against: place the burden on the State or the trial court. *See Hobbs*, 298 S.W.3d at 197-98.

We conclude the trial court did not abuse its discretion in denying appellant's request to withdraw his jury waiver. Appellant did not support his motion to withdraw with evidence that granting the request would not (1) interfere with the orderly administration of the court's business, (2) result in unnecessary delay or inconvenience to witnesses, or (3) prejudice the State. *See Hobbs*, 298 S.W.3d at 197–98. Further, the record supports the trial court's finding that withdrawal would have interfered with the orderly administration of the court's business. Accordingly, we overrule appellant's sole issue.

## CONCLUSION

Having overruled appellant's sole issue, we affirm the trial court's judgment.