NOT DESIGNATED FOR PUBLICATION

No. 123,973

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

TYLER ALEXANDER RUHL,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DEBORAH HERNANDEZ MITCHELL, judge. Opinion filed May 27, 2022. Affirmed.

*Catherine A. Zigtema*, of Zigtema Law Office LC, of Shawnee, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., POWELL and WARNER, JJ.

POWELL, J.: Tyler Alexander Ruhl claims he was denied his constitutional right to represent himself in court. He filed a motion under K.S.A. 60-1507 asserting his appellate counsel in his direct appeal was ineffective for failing to raise this issue. The district court summarily denied his motion. On appeal, Ruhl claims the district court erred because he clearly and unequivocally asserted his right to self-representation and that the denial of that right constitutes structural error entitling him to a new trial. After a careful review of the record, we find that Ruhl never clearly and unequivocally invoked his right to self-representation. Because he did not, he was not denied his right to self-representation and

1

his appellate counsel was not ineffective for failing to raise the issue on appeal. Thus, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2014, a jury convicted Ruhl of attempted first-degree murder, attempted aggravated robbery, and criminal possession of a firearm. The district court sentenced Ruhl to 661 months in prison. The details of Ruhl's crimes are not material to his appeal but are discussed in *State v. Ruhl*, No. 113,181, 2019 WL 638143, at *1-2 (Kan. App. 2019) (unpublished opinion).

After filing his direct appeal, Ruhl asked our court to remand the case to the district court to hold a *Van Cleave* hearing in order to determine whether his trial counsel had been ineffective. See *State v. Van Cleave*, 239 Kan. 117, 119-20, 716 P.2d 580 (1986) (ineffective assistance of counsel claims raised for first time on appeal may be remanded to district court for consideration). The district court held the required hearing and subsequently found that Ruhl had failed to establish grounds for relief based on his trial counsel's performance. On February 15, 2019, another panel of our court affirmed that decision, as well as Ruhl's convictions and sentences. *Ruhl*, 2019 WL 638143, at *9-10.

On August 6, 2020, Ruhl timely filed his present motion pursuant to K.S.A. 2020 Supp. 60-1507, raising the following allegations of trial error:  (1) Denial of his right to self-representation and ineffective assistance of appellate counsel for not raising that denial on direct appeal; (2) due process violations from the district court's failure to direct a verdict; (3) ineffective assistance of trial counsel for failing to consult with Ruhl when deciding whether to move for a mistrial after juror misconduct; and (4) cumulative error.

The district court summarily denied Ruhl's K.S.A. 60-1507 motion, finding that the trial judge had considered Ruhl's request "to go pro se and denied it based upon the appropriate factors." Alternatively, the district court ruled that even if Ruhl's appellate counsel had been deficient for not raising the issue on Ruhl's direct appeal, Ruhl had not demonstrated that the outcome of trial would have been more favorable if his request to represent himself had been granted.

Ruhl timely appeals.

## Did the District Court Properly Summarily Deny Ruhl's K.S.A. 60-1507 Motion?

On appeal, Ruhl argues the district court erred in summarily denying his K.S.A. 60-1507 motion. Ruhl's allegations of error can be distilled down to two points. First, Ruhl argues the record shows he clearly and unequivocally asked to proceed pro se and that it was structural error for his request to be denied. Second, Ruhl claims that because he was denied his right to self-representation, his appellate counsel in his direct appeal was ineffective for failing to raise the issue.

*Standard of Review*

To be entitled to relief under K.S.A. 60-1507, the movant must establish by a preponderance of the evidence either:  (1) "the judgment was rendered without jurisdiction"; (2) "the sentence imposed was not authorized by law or is otherwise open to collateral attack"; or (3) "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." K.S.A. 2020 Supp. 60-1507(b); see Supreme Court Rule 183(g) (2022 Kan. S. Ct. R. at 242). A district court may summarily deny a 60-1507 motion when the motion,

3

files, and case records conclusively show the movant is not entitled to relief. *White v. State*, 308 Kan. 491, 504, 421 P.3d 718 (2018).

It is the movant's burden to prove the motion warrants an evidentiary hearing. In doing so, the movant must make more than conclusory arguments and state an evidentiary basis to support the claims raised in the motion, or an evidentiary basis must appear in the record. The motion must set forth a factual background, names of witnesses, or other sources of evidence to demonstrate that the movant is entitled to relief. *Swenson v. State*, 284 Kan. 931, 938, 169 P.3d 298 (2007). In deciding whether an evidentiary hearing must be held, the district court generally must accept the factual allegations in the motion as true. See *Hogue v. Bruce*, 279 Kan. 848, 850, 113 P.3d 234 (2005). The district court must grant an evidentiary hearing when the motion sets forth facts that, if true, would entitle the movant to relief. *Swenson*, 284 Kan. at 939.

Here, the district court summarily denied Ruhl's motion without an evidentiary hearing. Because we have the same access to the motion, files, and records as did the district court, we review its decision de novo. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018).

*Right to Self-Representation*

The Sixth Amendment to the United States Constitution, made applicable to the states by the Fourteenth Amendment to the United States Constitution, "guarantees that a defendant in a state criminal trial has an independent constitutional right to self-representation." *State v. Vann*, 280 Kan. 782, 793, 127 P.3d 307 (2006).

> "[B]ecause the right of self-representation frequently conflicts with the right to representation by competent counsel, a court must adopt a presumption against waiver of the right to counsel, and a waiver of the right to represent oneself may be assumed by the

4

failure to unequivocally assert the right. *Once a criminal defendant clearly and unambiguously expresses a wish to proceed pro se, though, a court must allow the self-representation after obtaining a knowing and intelligent waiver of the right to counsel.* [Citation omitted.]" (Emphasis added*.) State v. McCormick*, 37 Kan. App. 2d 828, 839, 159 P.3d 194 (2007).

A defendant's request to proceed pro se must be clear and unequivocal. *State v. Bunyard*, 307 Kan. 463, 470, 410 P.3d 902 (2018). General statements of dissatisfaction with his or her attorney do not amount to an assertion of the right of self-representation. *State v. Collins*, 257 Kan. 408, 413-14, 893 P.2d 217 (1995); *State v. Hollins*, 9 Kan. App. 2d 487, 489, 681 P.2d 687 (1984). "A district judge's denial of a criminal defendant's right to forego counsel and represent himself or herself is structural error requiring reversal of the defendant's convictions." *Bunyard*, 307 Kan. 471, Syl.

*Ruhl did not make a clear and unequivocal request to represent himself.*

A week before trial, Ruhl filed a motion requesting the district court to remove his counsel and "appoint . . . new and different counsel." Prior to trial, the district court conducted a hearing on several pending motions, including this one, at which Ruhl argued in support of his motion, reaffirming that he wanted "a reappointed counsel." The district court denied this motion, concluding that Ruhl had not shown grounds to remove counsel.

The district court then turned its attention to the other pending motions. Right after the district court addressed the State's motion to declare [a witness] unavailable and admit her preliminary hearing testimony, the following exchange occurred:

> "[RUHL]:  [Judge] Bribiesca, Your Honor, could I have something to say?
> "THE COURT:  No, sir. Have a seat, sir. You need to talk to your lawyer.
> "[RUHL]:  Well, he don't talk to me. *Can I be pro se?*

5

"THE COURT:  Sir, we're going to address these motions, okay?

"[RUHL]:  *This is crazy. I have something to say about the motions, about this motion in particular.*

"THE COURT: Tell your lawyer, he can—

"[RUHL]:  I have, and he ain't said nothing.

"[RUHL'S COUNSEL]:  I believe I'm speaking for my client, Your Honor. Thank you." (Emphases added.)

Later, during the trial, while the district court was making evidentiary rulings, the following exchange occurred:

"[RUHL]:  Can I have the record reflect that I need to go on the—

"THE COURT:  No, sir, sit down. Sit down, sir. Talk to your lawyer first before you say anything.

"[RUHL]:  I have.

"[THE STATE]:  Your Honor, while [a witness' attorney] is talking to [the witness], could we perhaps deal with the—the juror issue that we discussed prior to lunch?

"THE COURT:  Oh, yes. We need to do that.

"[THE STATE]:  Can we take care of that, sir?

"THE COURT:  Yeah.

"[RUHL]:  *So you're refusing my right to talk at my court date—*

"THE COURT:  Sir, you need to talk to your lawyer—

"[RUHL]:  Reflect that, please.

"THE COURT:  —before you say anything. All right?

"[RUHL]:  All right.

"THE COURT:  I won't put up with any disruption on your part.

"[RUHL]:  Okay.

"THE COURT:  You understand?

"[RUHL]:  Yes, Your Honor."

No further discussion was held regarding the possibility of Ruhl proceeding pro se.

Based on this record, the critical issue before us is whether Ruhl made a clear and unequivocal request to represent himself. Fortunately, we have guidance from cases in which two other panels of our court have addressed this issue: *State v. Bass*, No. 119,572, 2019 WL 3242271 (Kan. App. 2019) (unpublished opinion), and *State v. Douglas*, No. 102,676, 2011 WL 5027085 (Kan. App. 2011) (unpublished opinion).

In *Bass*, the defendant told the district court, both through a pro se motion and a comment at a hearing, that he intended to represent himself if the district court did not appoint new counsel. After the district court denied Bass' request for new counsel, Bass followed up with his question about representing himself—"'I can't represent myself?'" 2019 WL 3242271, at *1. The panel concluded: "Although Bass posed a question to the district court, his question explicitly told the district court that because it denied his motion [for new counsel], he now wanted to represent himself." 2019 WL 3242271, at *6. Additionally, the panel held that the district court implicitly acknowledged that Bass wanted to represent himself because the district judge told Bass that if he wanted to proceed pro se he must file a written motion. The panel concluded that by requiring Bass to file a motion to request to proceed pro se, the district court "understood Bass' rhetorical question to be an unequivocal request to represent himself." 2019 WL 3242271, at *6. The panel concluded:

> "In short, Bass' statements and question were distinct from any dissatisfaction he had with [his attorney]. Bass plainly told the district court through his statements and question that he wanted to represent himself. Thus, despite the State's argument to the contrary, Bass made a clear and unequivocal request to represent himself." 2019 WL 3242271, at *7.

Accordingly, the panel reversed Bass' convictions. 2019 WL 3242271, at *9.

In *Douglas*, the defendant filed three pro se motions on various topics. One of these motions was a motion for independent DNA testing on items that had been tested

7

by the KBI. These motions, as well as other motions filed by Douglas' counsel, were addressed at a hearing a week before trial. Before Douglas argued in favor of his pro se motion for DNA testing, defense counsel informed the district court that she did not agree with Douglas' opinion that independent DNA testing needed to be performed. Douglas then addressed the court, stating:

> "'Since me and my attorney don't agree on this issue here, then like I was stating to her, that I would like for her to stand down and I could argue these issues on myself and she would be my standby counsel, because these issues was [sic] issues that was [sic] filed before she took, was aware of this case.'" 2011 WL 5027085, at *12.

The district court denied the motion. After, Douglas argued that due to evidence recently turned over to the defense by the State and evidence he believed still needed to be discovered, he would like for his defense counsel to be "'standby counsel'" until he and his attorney could review the evidence together. 2011 WL 5027085, at *12. Douglas' attorney informed the district court that prior to trial she would review the evidence recently turned over by the State and already had reviewed the evidence that Douglas was concerned about. As such, the district court denied Douglas' request.

The *Douglas* panel held that Douglas' requests did not "express a clear and unequivocal desire to proceed pro se or a knowing and intelligent waiver of the right to counsel." 2011 WL 5027085, at *13. In reaching this conclusion, the panel construed Douglas' request for his counsel to stand down as a "request for permission to argue his pro se motion directly to the court." 2011 WL 5027085, at *13. Additionally, the panel construed his second request for standby counsel as an "attempt to be appointed as cocounsel in such a review so that he could participate in strategic and tactical legal decisions with regard to that evidence." 2011 WL 5027085, at *13. The panel found neither of the requests were sufficient to invoke his right to self-representation. 2011 WL 5027085, at *13.

8

Another case from a different jurisdiction is also illustrative. In *Barrientes v. State*, No. 04-06-00541-CR, 2007 WL 1888378 (Tex. App. 2007) (unpublished opinion), the Texas Court of Appeals considered whether Barrientes had unequivocally asserted his right to self-representation when the following exchange occurred:

> "THE COURT:  Okay. This is the second time I'm going to tell you this. You are not a lawyer, and if you don't sit down and be quiet, I'll have you tried in absentia. Do you understand that? You cannot speak to the Court. You will speak to your lawyer, and you'll not speak directly to this Court. Have a seat, sir.
> "[BARRIENTES]:  *Can I represent myself?*
> "THE COURT:  No sir. Have a seat.
> "[BARRIENTES]:  Can I represent myself?
> "THE COURT:  Okay. The lawyers can look at the [jury] sheets. Give the jury about a five to ten minute break. Okay?" (Emphasis added.) 2007 WL 1888378, at *1.

The Texas court concluded Barrientes' inquiry—"'Can I represent myself?'"—was insufficient to unequivocally invoke his right to self-representation and found that the question was subject to at least two interpretations. 2007 WL 1888378, at *1. The first interpretation was a possible request for self-representation. The second interpretation was "that Barrientes was asking for legal advice, i.e. is self-representation legally possible?" 2007 WL 1888378, at *1. The Texas court held that because the request was not clear and unequivocal, the trial court had no duty to inquire further. 2007 WL 1888378, at *1; see also *McGhee v. Dittmann*, 794 F.3d 761, 771 (7th Cir. 2015) (holding defendant's statements "he was going to 'speak up for [himself]' and that he could not be 'expect[ed] . . . to sit [t]here and . . . say nothing in [his] own defense' do not clearly communicate a desire to proceed without counsel."); *Burton v. Collins*, 937 F.2d 131, 133-34 (5th Cir. 1991) (holding defendant's request, "'May I represent myself?'" as insufficiently unequivocal when it was a "'spontaneous response offered at a point when [he] realized he was not going to get a new lawyer.'").

9

This case is more like *Douglas* and *Barrientes* than *Bass*. Ruhl filed a motion seeking new counsel and asked at the pretrial hearing whether he could "be pro se" after being told by the district court he could not address the court directly but needed his attorney to talk for him. Ruhl then clarified that he wanted to directly address the district court about one the of the pending pretrial motions: "I have something to say about the motions, about this motion in particular." Viewed in context, Ruhl's question was not a clear and unequivocal invocation of his right to self-representation.

Ruhl claims he "repeatedly" attempted to act in his own defense during trial, but the record does not support that assertion. Ruhl cites to one passage in the trial transcript:

> "[RUHL]: So you're refusing my right to talk at my court date—
> "THE COURT: Sir, you need to talk to your lawyer—
> "[RUHL]: Reflect that, please.
> "THE COURT: —before you say anything. All right?
> "[RUHL]: All right."

This exchange also is not a clear and unequivocal invocation of his right to self-representation. Rather it reflects that Ruhl was seeking to personally address the district court at trial even though he was represented by counsel. Generally speaking, a defendant does not have a right to speak on his or her own behalf when also represented by counsel. See *State v. Anderson*, 243 Kan. 677, 681, 763 P.2d 597 (1988); see also *State v. Ames*, 222 Kan. 88, 100, 563 P.2d 1034 (1977) (defendant has "a right to either appointed counsel or pro se representation, but both rights cannot simultaneously be asserted."). Although Ruhl obviously wanted to personally address the district court, there is no implication that he wanted to represent himself.

Because neither of Ruhl's statements constitute clear and unequivocal requests that he be allowed to represent himself, we hold that Ruhl never invoked his right to self-representation. Because Ruhl fails to establish that he invoked his right to self-

representation, his appellate counsel was not ineffective for failing to raise this meritless claim on direct appeal. See *Khalil-Alsalaami v. State,* 313 Kan. 472, 485, 486 P.3d 1216 (2021) (movant must show counsel's performance was deficient).

However, while we ultimately agree with the district court's decision to deny Ruhl's 60-1507 motion, we disagree with its reasoning. Contrary to what the district court held, the trial court made no inquiry of Ruhl's request to address the district court directly on the pretrial motion. Moreover, the district court's application of a prejudice or harmless error analysis to appellate counsel's performance on direct appeal was improper. If a defendant is denied the right to self-representation, the error is structural and not subject to a harmless error analysis. *State v. Jones*, 290 Kan. 373, 382-83, 228 P.3d 394 (2010). Here, Ruhl's claim of ineffective assistance of counsel, which rests upon the assertion that his appellate counsel in his direct appeal wrongly failed to raise the issue that he was denied his right to self-representation, lacks merit because Ruhl never clearly and unequivocally invoked his right to self-representation. Thus, we affirm the district court's denial of Ruhl's 60-1507 motion as right for the wrong reasons. See *Gannon v. State*, 302 Kan. 739, 744, 357 P.3d 873 (2015) (holding if district court reaches correct result, decision will be upheld even though it "'relied upon the wrong ground or assigned erroneous reasons for its decision.'").

Affirmed.