**Opinion issued May 29, 2025**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-24-00218-CR

_____

**TERRANCE D. MCCARTER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 178th District Court**
**Harris County, Texas**
**Trial Court Case No. 1712102**

---

## O P I N I O N

The question in this case is whether Terrance McCarter knowingly and intelligently waived his right to a trial by jury. Considering the relevant factors set forth by the Texas Court of Criminal Appeals in *Rios v. State*, 665 S.W.3d 467, 479–82 (Tex. Crim. App. 2022), we hold that he did.

We modify the trial court's judgment to remove the Child Abuse Prevention Fine and affirm the judgment as modified.

## Background[1]

A grand jury indicted McCarter for the felony offense of indecency with a child, which was alleged to have occurred on or about February 25, 2021. On March 05, 2024, McCarter filed a "waiver of trial by jury," in which he requested a trial to "be heard by the Court, waiving his right to trial by jury." On March 14, 2024, the trial court found McCarter guilty of the offense as charged and assessed his punishment at 12 years' confinement in the Institutional Division of the Texas Department of Criminal Justice.

On appeal, McCarter argues that the record fails to demonstrate that he expressly, knowingly, and intelligently waived his constitutional right to a jury trial. He also contends that the trial court's judgment contains a fine—the Child Abuse Prevention Fine—that was not orally pronounced at sentencing and, therefore, should be stricken from the judgment.

---

[1] Because this case does not involve an evidentiary issue, we do not include a recitation of the facts of the offense.

2

**Waiver of Right to Trial by Jury**

**A.     Applicable Law**

A criminal defendant in Texas has an inviolate right to a jury trial. TEX. CONST. art. I, § 15 ("The right of trial by jury shall remain inviolate."); *see Marquez v. State*, 921 S.W.2d 217, 220 (Tex. Crim. App. 1996).  This right is also guaranteed under the United States Constitution. U.S. CONST. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury."); *see Duncan v. Louisiana*, 391 U.S. 145, 149 (1968) (applying the Sixth Amendment jury trial guarantee to states).

A defendant may, however, waive that right. *See Rios*, 665 S.W.3d at 478. The waiver right is limited because the State must consent to the waiver, and the trial court must accept it. *See* TEX. CODE CRIM. PROC. art. 1.13(a); *Rios*, 665 S.W.3d at 478–79.  "Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Rios*, 665 S.W.3d at 479 (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)); *see also Hobbs v. State*, 298 S.W.3d 193, 197 (Tex. 2009) ("As a matter of federal constitutional law, the State must establish, on the record, a defendant's express, knowing, and intelligent waiver of jury trial."). "Whether 'there is an intelligent, competent, self-protecting waiver of jury trial by

3

an accused must depend upon the unique circumstances of each case.'" *Rios*, 665 S.W.3d at 479 (quoting *Adams v. United States*, 317 U.S. 269, 278 (1942)).

In *Rios*, the Texas Court of Criminal Appeals identified a number of factors that may be considered when determining whether a jury trial waiver was knowing and intelligent. *Id.*  These factors include: (1) whether the defendant knew about his right to a jury and the nature of the right, (2) whether the defendant executed a written jury waiver, (3) whether the trial court admonished the defendant about his right to a jury, (4) the defendant's education and background and legal sophistication, (5) the level of the defendant's involvement in his defense, (6) his ability to understand courtroom discussion regarding waiver of a jury, (7) the words and actions of the defendant, (8) discussions with trial counsel about the right to a jury and representations of trial counsel, (9) what language the defendant understands and the presence of an interpreter if not English, (10) the lack of an objection before or shortly after the bench trial began, and (11) whether there is a docket entry indicating that the defendant expressly waived his right to a jury on the record and that the waiver was voluntary, knowing, and intelligent. *Id.* at 479–82.

In that case, the record showed that Rios was "a Mexican national and native Spanish speaker whose ability to read and write English [wa]s limited." *Id.* at 482. It also showed that Rios's attorney "vaguely testified that he advised [Rios] 'of his right to a jury trial.'" *Id*. at 483.  But nothing more in the record demonstrated that

4

Rios "at least had sufficient awareness of the relevant circumstances and likely consequences of waiving his right to a jury." *Id.* at 482. Importantly, there was no written jury waiver *and* the trial court made no admonishments. *Id.* Accordingly, the Texas Court of Criminal Appeals held in *Rios* that the evidence was "insufficient to show that [Rios] expressly, knowingly, and intelligently waived his right to a trial by jury." *Id.* at 485.

**B.  Analysis**

Here, and unlike the defendant in *Rios*, McCarter spoke English and the record does not indicate that he had any difficulty understanding the trial court or the proceedings.[2] *See id.* at 482.

Also, and again unlike the defendant in *Rios*, McCarter concedes that he executed a written waiver. *See id.* at 480–82 (providing that written jury waiver is considered when determining whether defendant knew about his right to jury trial and nature of that right and noting that, in that case, no written waiver was executed). The waiver states: "NOW COMES TERRANCE MCCARTER in the captioned case, and requests the above designated causes be heard by the Court, waiving his right to trial by jury. The State of Texas consents to this waiver." The waiver is

---

[2]   McCarter was initially found incompetent to stand trial, and the trial court ordered him committed to a competency restoration program. After participating in the competency restoration program, McCarter was found competent to stand trial. He makes no argument to the contrary in this appeal.

5

signed by McCarter, his counsel, and counsel for the State. By executing a written jury waiver, McCarter demonstrated that he understood his right to a jury trial, but nonetheless elected to have a bench trial. *See, e.g.*, *Galicia v. State*, No. 14-22-00748-CR, 2024 WL 3867812, at *2 (Tex. App.—Houston [14th Dist.] Aug. 20, 2024, no pet.) (mem. op., not designated for publication) ("By executing a written jury waiver, Galicia demonstrated that he understood and accepted the nature of his right but nonetheless elected to have a bench trial.").

McCarter acknowledges that he executed this written waiver but contends that this "bare bones waiver" was not sufficient to demonstrate a knowing and intelligent waiver because it was not made in open court and accepted by the trial court, in violation of Texas Code of Criminal Procedure article 1.13,[3] and because nothing in

---

[3] McCarter does not appear to make a separate argument that his statutory rights were violated because the written waiver was not made in open court. *See* TEX. CODE CRIM. PROC. art. 1.13(a) (stating that waiver must be made in person by defendant in writing in open court with consent and approval of court, and attorney representing state). Even if he had, we would review that alleged statutory error for harm under Texas Rule of Appellate Procedure 44.2(b) and would not reverse unless the alleged violation of article 1.13(a) "affected a substantial right." TEX. R. APP. P. 44.2(b); *Johnson v. State*, 72 S.W.3d 346, 348 (Tex. Crim. App. 2002). Here, the judgment states that McCarter "waived the right of trial by jury." That recitation is "binding in the absence of direct proof of its falsity." *Johnson*, 72 S.W.3d at 349. For the reasons discussed above, including the evidence of the written waiver, the record indicates that McCarter was aware of his right to a trial by jury and yet elected to have a bench trial. Having no evidence that the judgment's recitation that McCarter "waived the right of trial by jury" is false, we are bound by that statement. *See id.* Even presuming that article 1.13 was violated, McCarter was not harmed by the alleged violation because the record reflects that he was aware of his right to a jury trial and opted for a bench trial. *See id.*

the record shows that the trial court admonished him regarding his jury trial waiver. We disagree these things alone demonstrate that he did not expressly, knowingly, and intelligently waive his right to a jury trial.

For one, the evidence in the record shows that the trial court accepted the written waiver. Although the reporter's record does not contain a discussion of the jury waiver in open court, the trial court's docket sheet reflects that McCarter appeared with his counsel before the trial court on March 5, 2024, and that, on the same day, the trial court entered an "ORDER: WAIVER OF TRIAL BY JURY." Additionally, although the record does not reflect that the trial court admonished McCarter of his right to a jury trial, this is but one factor to be considered. *See Rios*, 665 S.W.3d at 480 & n.25 (noting that "[w]hile admonishments are preferred by many courts, numerous courts have held a colloquy regarding the waiver of a jury is unnecessary").

Considering other relevant factors, the record reflects that McCarter never objected to the bench trial or otherwise expressed his desire to exercise his right to trial by jury after executing the written waiver. *See id.* at 482 (providing that lack of objection before or shortly after bench trial begins is factor considered in determining whether jury trial waiver was knowing and intelligent).[4] Moreover, the

---

[4]     *See also Galicia v. State*, No. 14-22-00748-CR, 2024 WL 3867812, at *2–3 (Tex. App.—Houston [14th Dist.] Aug. 20, 2024, no pet.) (mem. op., not designated for publication) (holding that defendant knowingly and intelligently waived right to

7

fact that this was to be a bench trial was discussed multiple times throughout the trial, by both McCarter's counsel and counsel for the State, all of which occurred in McCarter's presence.[5]  And McCarter never voiced an objection to the bench trial, which involved six witnesses.

Additionally, McCarter's education, background, and criminal history support the conclusion that McCarter is familiar with the criminal justice system and is able to understand how trials are conducted. *See id.* at 480 (providing that defendant's education, background, and legal sophistication is factor to be considered in determining whether jury trial waiver was knowing and intelligent).[6]  McCarter's

---

jury trial, even though trial court did not admonish defendant, where record reflected that defendant executed written waiver, trial court accepted waiver, and defendant never objected to bench trial or ever sought to withdraw his waiver).

[5]  For example, during a pretrial discussion concerning an agreement regarding an outcry hearing, McCarter's counsel stated: "And you're the trier of fact and you're the gatekeeper of that evidence, and you will set it aside and not consider it. So instead of having a hearing that seemed unnecessary, we agreed to waive it."  And during opening statements, his counsel argued that McCarter "desires to testify *to the Court* and explain *to the Court* what happened that evening," and that he "ask[s] *the Court* at the conclusion to find him not guilty of these crimes." (Emphasis added).  His counsel also made similar statements during closing arguments, such as, "So I would ask you, Judge, to find Terrance McCarter not guilty of these charges because I don't believe the State has met their burden."  Immediately after closing arguments, the trial court stated, "Based on the evidence presented in this trial, I find you guilty of indecency with a child."  McCarter never expressed surprise that the trial court was the trier of fact.

[6]  *See also Johnson v. State*, No. 06-24-00047-CR, 2024 WL 4249330, at *3 (Tex. App.—Texarkana Sept. 20, 2024, pet. ref'd) (mem. op., not designated for publication) (concluding that defendant's past "legal run-ins" were relevant to factors related to defendant's "legal sophistication," "involvement in his defense," "his ability to understand courtroom discussion regarding waiver of a jury," and

8

criminal history dates back to 2009 and includes misdemeanor and felony convictions for burglary of a motor vehicle, driving while intoxicated, forgery of a government financial instrument, trespassing, and driving while his license is suspended. These legal run-ins are relevant to *Rios*'s suggested consideration of McCarter's "legal sophistication," "involvement in his defense," and "his ability to understand courtroom discussion regarding waiver of a jury." *See id.* at 480–81. Moreover, he is an educated high school graduate who also took classes to become a real estate agent.

The record also reflects that McCarter was involved in his own defense and testified at trial. *See id.* (providing that defendant's level of involvement in own defense is factor considered in determining whether jury trial waiver was knowing and intelligent).[7] In fact, during his redirect examination, McCarter's counsel repeatedly referenced "notes" McCarter had taken regarding his defense and made sure to "hit every point that [McCarter] wanted to make."

---

"discussions with trial counsel about the right to a jury and representation of trial counsel"); *see also Wilson v. State*, No. 05-24-00321-CR, 2025 WL 579967, at *7 (Tex. App.—Dallas Feb. 21, 2025, no pet.) (mem. op., not designated for publication) (concluding that defendant's history with the criminal justice system and prior trials indicated that he was familiar with how trials are conducted).

[7] *See also Galicia*, 2024 WL 3867812, at *3 (considering that defendant participated in his own defense by testifying at trial in determining that defendant knowingly and intelligently waived his right to jury trial).

In sum, based on the totality of the record, our consideration of the various factors suggested in *Rios* supports the conclusion that McCarter had sufficient awareness that he had a right to a jury trial, consulted with his counsel, knew the consequences of waiving that right, and still executed the waiver. *See, e.g.*, *Galicia*, 2024 WL 3867812, at *3.[8] As a result, "the record shows that [McCarter] at least had sufficient awareness of the relevant circumstances and likely consequences of waiving his right to a jury." *See Rios*, 665 S.W.3d at 482. We therefore hold that the record establishes that McCarter "expressly, knowingly, and intelligently waived his right to a trial by jury." *See id.* at 485.

**Child Abuse Prevention Fine**

McCarter also argues that the $100 Child Abuse Prevention Fine included in the trial court's judgment and bill of costs should be stricken from the trial court's judgment because it is a fine that was not orally pronounced by the trial court at sentencing. The State agrees.

The $100 fine of which McCarter complains—the Child Abuse Prevention Fine—was assessed by the trial court pursuant to article 102.0186. TEX. CODE CRIM. PROC. art. 102.0186. The "Cost Act," which became effective on January 1, 2020,

---

[8]  *See also Johnson*, 2024 WL 4249330, at *3 (holding that defendant expressly, knowingly, and intelligently waived his right to jury trial where record demonstrated that he executed written waiver, was high school graduate, spoke English and understood trial court, had prior criminal history, and never objected to bench trial).

10

amended this article to, among other things, reclassify this $100 fee as a fine, rather than a court cost. *See* Act of May 23, 2019, 86th Leg., R.S., ch. 1352, §§ 2.40, 5.04, 2019 Tex. Gen. Laws 3981, 4006, 4035. This reclassification applies to offenses committed after the effective date of the act. *See id.* § 5.01.

Fines, unlike court costs, are punitive in nature and are therefore properly included in a defendant's sentence. *See Anastassov v. State*, 664 S.W.3d 815, 820 (Tex. Crim. App. 2022). And a defendant's sentence, which includes any fine imposed, must be orally pronounced in the defendant's presence. *See Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011); *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). "When there is a conflict between the oral pronouncement of sentence and the sentence in the written judgment, the oral pronouncement controls." *Taylor*, 131 S.W.3d at 500.

Here, there is no dispute that the offense occurred after the effective date of the Cost Act, meaning that the Child Abuse Prevention Fine is classified as a fine and should have been orally pronounced at sentencing. It was not. Therefore, we hold that because the trial court did not orally pronounce a fine as part of McCarter's sentence, and the oral pronouncement controls over the judgment, the $100 Child Abuse Prevention Fine should be stricken from the judgment. *See id.*

11

## Conclusion

We have the authority to modify and reform a judgment when the necessary information is available to do so. TEX. R. APP. P. 43.2(b); *see Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992). Because the Child Abuse Prevention Fine was not orally pronounced by the trial court at sentencing, we modify the trial court's judgment to strike this $100 fine.

For all of the reasons above, we affirm the trial court's judgment of conviction as modified.

Terry Adams
Chief Justice

Panel consists of Chief Justice Adams and Justices Caughey and Johnson.

Publish. TEX. R. APP. P. 47.2(b).

12